**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CEDRIC FARLEY,

    Petitioner,

v.                                         Case No. 8:13-cv-2589-T-30MAP
                                                 Criminal Case No. 8:11-cr-55-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## O R D E R

Petitioner's motion to vacate under 28 U.S.C. § 2255 (CV Doc. 1) challenges his plea-based convictions for conspiracy to possess with intent to distribute five hundred grams or more of cocaine, and felon in possession of a firearm, for which offenses he was sentenced to 262 months imprisonment to be followed by 60 months supervised release (CR Doc. 23). Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). Upon review, the Court concludes that the motion to vacate must be dismissed because it is time-barred.

The Anti-Terrorism and Effective Death Penalty Act creates a limitation period for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Because his conviction was final in July 2011,[2] Petitioner's limitation period expired one year later, in July 2012. Petitioner dated the memorandum of law, that he filed simultaneously with his motion to vacate, September 27, 2013 (CV Doc. 2 at p. 18). Therefore, the motion to vacate is more than one year late. Consequently, Petitioner's motion to vacate is untimely under Section 2255(f)(1).

Petitioner's untimely motion to vacate is time-barred unless he can show that he was prevented from timely filing the motion because of extraordinary circumstances that were both beyond his control and unavoidable even with diligence, *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999), or that he is actually innocent of the crime of conviction. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)). Here, Petitioner has not presented any argument to establish that

---

[2]Because Petitioner did not appeal the judgment of conviction entered on June 29, 2011 (CR Doc. 23), it became final 14 days later in July 2011. *See Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires); Federal Rule of Appellate Procedure 4(b)(1)(A) (appellant in a criminal case must file notice of appeal within 14 days of the entry of final judgment or the government's notice of appeal).

he is actually innocent of the crime charged,[3] or that extraordinary circumstances prevented him from timely filing his motion to vacate. Therefore, his motion to vacate is time-barred and must be dismissed.

Accordingly, the Court **ORDERS** that:

1. The motion to vacate under 28 U.S.C. § 2255 (CV Doc. 1) is **DISMISSED** as time-barred.

2. The Clerk shall enter judgment against Petitioner, terminate all pending motions, and close this case.

3. If Petitioner can show by record evidence that his § 2255 motion is not time-barred, the Court will entertain a motion to reopen this case if Petitioner files the motion within twenty-eight (28) days from the date of this Order.

## DENIAL OF BOTH A
## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the

---

[3]"Actual innocence" is factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly time-barred, Petitioner cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, Petitioner is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Petitioner must pay the full $455 appellate filing fee without installments unless the circuit court allows Petitioner to proceed *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on October 9, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*