**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CEDRIC FARLEY,

    Petitioner,

v.                                        Case No:  8:16-cv-1107-T-30MAP
                                               Crim. Case No: 8:11-cr-55-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner Cedric Farley's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1).  By his motion, Petitioner asserts that he is entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), *declared retroactive by Welch v. United States*, No. 15-6418, 2016 WL 1551144 (Apr. 18, 2016).  Because Petitioner's motion is an unauthorized, successive § 2255 motion, it should be dismissed.

## BACKGROUND

Pursuant to a plea agreement, Petitioner entered a guilty plea to (1) possession with intent to distribute 500 grams of more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) (Count I), and (2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e)(1) (Count II).  (CR Docs. 6, 8, 19).  On June 29, 2011, Petitioner was sentenced to 262 months' imprisonment on each count, with the terms to

run concurrently. (Doc. 23). Petitioner's sentence on Count II was imposed pursuant to the Armed Career Criminal Act ("ACCA"), § 924(e)(1). (PSR at ¶¶ 32, 33, 94). Petitioner's ACCA predicate offenses included: (1) trafficking in cocaine, (2) sale of cocaine, and (3) sale of crack cocaine. (CR Doc. 6, PSR ¶ 32). Petitioner did not file a direct appeal.

On October 7, 2013, Petitioner filed a motion pursuant to § 2255, which was dismissed as time-barred. (CR Docs. 25, 27). On May 2, 2016, Petitioner filed the present § 2255 motion requesting relief pursuant to *Johnson*. (CV Doc. 1).

## **DISCUSSION**

Petitioner's present § 2255 motion is a second or successive motion. Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move in the appropriate court of appeals for an order authorizing the district court to consider the second or successive motion. *See* 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has not received authorization to file a second or successive habeas petition from the Eleventh Circuit, this Court lacks jurisdiction to consider his motion and it should be dismissed. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization [from the appropriate court of appeals, a] district court lacks jurisdiction to consider a second or successive petition.").

However, for Petitioner's benefit, the Court notes that Petitioner would not be entitled to relief under *Johnson*. In *Johnson*, the Supreme Court held that the residual clause of the ACCA, § 924(e)(2)(B)(ii), defining a violent felony as a crime "involv[ing] conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2563. Nevertheless, the Supreme Court specifically stated that *Johnson*'s holding did not extend to the remainder of the ACCA. *See Johnson*, 133 S. Ct. at 2563.

*Johnson* invalidated only the residual clause of the ACCA. Petitioner's prior offenses are ACCA predicate offenses because they qualify as serious drug offenses. *See* § 924(e)(2)(A)(ii); *see also United States v. Johnson*, 570 F. App'x 852 (11th Cir. 2014) (sale of cocaine under Florida Statute § 893.13(1)(a) is a "serious drug offense" for purposes of ACCA). Because the offenses do not qualify as ACCA predicate offenses under the residual clause, the holding in *Johnson* is inapplicable to Petitioner.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner Cedric Farley's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is DISMISSED.

2. The Clerk is directed to terminate from pending status the motion to vacate found at Doc. 34 in the underlying criminal case, case number 8:11-cr-55-T-30MAP.

3. The Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of June, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record